IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TOMMY J. MAY,

      Plaintiff,

      v.                                      Case No. 22-3198-JWL-JPO

(FNU) BUNTING, ET AL.,

      Defendants

## ORDER TO SHOW CAUSE

This matter is a civil rights action filed under 42 U.S.C. § 1983. Plaintiff, a prisoner in state custody, proceeds pro se and in forma pauperis. For the reasons that follow, plaintiff is directed to show cause why this matter should not be dismissed for failure to state a claim for relief.

### Nature of the Complaint

Plaintiff's claims arose during his incarceration in the Douglas County Jail (DCJ). The complaint names Undersheriff (fnu) Bunting, Nurse Practitioner Melody Stroda, and Dr. Jody Palmer as defendants. The complaint states that plaintiff suffers from Stage 3 multiple myeloma and has used oxycodone medications prescribed by the Veterans Administration and the University of Kansas Medical Center for pain relief.

Plaintiff claims that after defendant Stroda notified Lawrence Memorial Hospital staff of restrictions on the types of drugs allowed in the DCJ, Dr. Palmer did not prescribe medication. Plaintiff instead received Tylenol 3 for pain relief from the DCJ.

Plaintiff alleges that defendant Stroda violated the Eighth Amendment by refusing to allow him stronger medication, that Dr. Palmer erred in failing to prescribe medication after receiving information concerning the jail policy, and that Undersheriff Bunting showed deliberate indifference in deferring to defendant Stroda concerning plaintiff's medical care, in

denying him an adequate law library,[1] and in establishing the policies and regulations at the DCJ. He seeks damages.

## Screening

A federal court must conduct a preliminary review of any case in which a prisoner seeks relief against a governmental entity or an officer or employee of such an entity. *See* 28 U.S.C. §1915A(a). Following this review, the court must dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from that relief. *See* 28 U.S.C. § 1915A(b).

In screening, a court liberally construes pleadings filed by a party proceeding pro se and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

"To state a claim for relief under Section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988)(citations omitted).

To avoid a dismissal for failure to state a claim, a complaint must set out factual allegations that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court accepts the well-pleaded allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Id*. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the matter should be dismissed. *Id*. at 558. A court need not accept "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, "to state a claim in federal court, a complaint must explain what each defendant

---

[1] The allegation concerning access to adequate legal resources appears to refer to events that occurred in 2018. Plaintiff states that he filed a civil rights action in November 2018, Case No. 18-3270-SAC, but filed a motion to dismiss in December 2018 because he realized he would not be able to respond "to any adversarial litigation." (Doc. 1, p. 10.) Claims that arose in 2018 fall outside the two-year limitation period applicable to claims under § 1983 and are subject to dismissal on that ground.

did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

The Tenth Circuit has observed that the U.S. Supreme Court's decisions in *Twombly* and *Erickson* set out a new standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii). *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted). Following those decisions, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (quotation marks and internal citations omitted). A plaintiff "must nudge his claims across the line from conceivable to plausible." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). In this context, "plausible" refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [the] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008)(citing *Twombly*, 550 U.S. at 1974).

## Discussion

It is not clear whether plaintiff was a pretrial detainee or a convicted prisoner at the time of the events described. However, under the Due Process Clause, pretrial detainees are entitled to the same standard of medical care that the Eighth Amendment provides for convicted inmates. *Strain v. Regalado,* 977 F.3d 984, 989 (10th Cir. 2020). Under the governing standard, jail personnel violate the Constitution when they act with deliberate indifference to a detainee's serious medical needs. *Id.* To establish a violation of this right, a pretrial detainee must satisfy objective and subjective components of the standard. *Id.*

To meet the objective component, the medical needs must be "'so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Blackmon v. Sutton*, 734 F.3d 1237, 1244 (10th Cir. 2013)(quoting *Ramos v. Lamm,* 639 F.2d 559, 575 (10th Cir.1980)). Next, to meet the subjective component, the defendant officials must "'know[ ] of and disregard[

...

] an excessive risk to inmate health or safety.'" *Id.*, (quoting *Farmer v. Brennan,* 511 U.S. 825, 837 (1994)).

While plaintiff's condition presents a serious medical condition, the DCJ's policy of denying all access to narcotics does not support a finding of deliberate indifference. "The danger of prescribing narcotics in a correctional setting is reasonably related to a legitimate governmental interest in maintaining security and safety—a determination 'peculiarly within the province and professional expertise of corrections officials, and, in the absence of substantial evidence in the record to indicate that the officials have exaggerated their response to these considerations, courts should ordinarily defer to their expert judgment in such matters.'" *Lewis v. King*, No. CIV-21-346-SLP, 2022 WL 2102091, at *4 (W.D. Okla. Mar. 10, 2022), *report and recommendation adopted,* No. CIV-21-346-SLP, 2022 WL 1538651 (W.D. Okla. May 16, 2022) (quoting *Bell v. Wolfish*, 441 U.S. 520, 540 n.23 (1979)). The court agrees that the policy established for the DCJ is a reasonable exercise of professional judgement that does not violate the Constitution.

Likewise, neither defendant Stroda's notice to the plaintiff's treating physician concerning the restrictions on narcotics nor the deference of defendant Bunting to defendant Stroda's expertise constitutes deliberate indifference. Both were reasonable acts in furtherance of the policy.

Finally, even assuming defendant Palmer may be considered a state actor, her decision not to prescribe medication due to the restrictions is a matter of medical judgment that does not establish deliberate indifference. *Self v. Crum*, 439 F.3d 1227, 1231 (10th Cir. 2006) ("[A] prisoner who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation.") (quotation omitted). *See also Gee v. Pacheco*, 627 F.3d 1178, 1192 (10th Cir. 2010) (prisoner's complaint that he did not receive his desired medication is insufficient to show deliberate indifference) and *Arriaga v. Roberts,* 803 Fed. Appx. 222, 223 (10th Cir. Apr. 28, 2020) (prisoner's disagreement with medical judgment refusing to provide specific pain medication was insufficient to establish deliberate indifference).

For these reasons, the court is considering the dismissal of this matter for failure to state a claim for relief. Plaintiff is directed to show cause why this matter should not be dismissed.

IT IS, THEREFORE, BY THE COURT ORDERED that on or before **October 11, 2022**, plaintiff shall show cause why this matter should not be dismissed for the reasons discussed herein. The failure to file a timely response may result in the dismissal of this matter without additional prior notice.

IT IS SO ORDERED.

Dated: September 13, 2022                    /s/ John W. Lungstrum
                                              JOHN W. LUNGSTRUM
                                              UNITED STATES DISTRICT JUDGE

5