**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

TOMMY J. MAY,

    **Plaintiff,**

    v.                                   **CASE NO. 22-3198-JWL-JPO**

(FNU) BUNTING, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff, a state prisoner appearing pro se and in forma pauperis, filed this civil rights complaint pursuant to 42 U.S.C. § 1983. On September 13, 2022, the court entered an order to show cause in this matter, and plaintiff filed a response on October 3, 2022. Having considered the response, the court will order a report under *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978).

### Background

Plaintiff alleges that in 2020, while incarcerated in the Douglas County Jail (DCJ), Lawrence, Kansas, he was denied oxycodone prescribed for pain by an oncologist. While the initial complaint suggests that the DCJ has a list of medications that are not distributed in the facility and the prescribed medication was denied on that basis, plaintiff's response to the court's order to show cause instead suggests that no such policy or regulation exists and asserts that another prisoner at the DCJ was allowed to receive the type of medication that plaintiff was denied.

In addition, plaintiff's response to the order to show cause addresses his claim concerning access to the courts. He presents general statements concerning limitations on access to legal materials imposed during the COVID pandemic.

## Discussion

First, because plaintiff's complaint and response to the order to show cause present conflicting statements concerning the denial of prescribed medication, the court will direct a report on that issue to clarify the basis for the denial.

Next, because plaintiff's response to the order to show cause presents only general statements concerning access to legal resources during the pandemic, the court finds no response on that claim is necessary. It is settled that in order "[t]o present a viable claim for denial of access to courts, ... an inmate must allege and prove prejudice arising from the defendants' actions." *Peterson v. Shanks,* 149 F.3d 1140, 1145 (10th Cir. 1998) (citations omitted); *Lewis v. Casey*, 518 U.S. 343, 349 (1996) ("The requirement that an inmate show actual injury derives ultimately from the doctrine of standing.").

To state a denial of access claim due to lack of legal resources, the inmate must allege something more than that the prison's or jail's law library or legal assistance program is inadequate. He "must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim," causing him "actual injury." *Lewis*, 518 U.S. at 348, 350. 830 (1977)).

Plaintiff's general statements fail to state a claim for relief based upon a denial of access to the courts.

## Conclusion

The Court finds that the proper processing of plaintiff's claim concerning medical care cannot be achieved without additional information from appropriate officials of the DCJ. *See Martinez; see also Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991). Accordingly, the court orders the appropriate officials of the DCJ to prepare and file a *Martinez* Report. Once the report has been received, the court can complete the screening of his complaint under 28 U.S.C. § 1915A.

**IT IS THEREFORE ORDERED BY THE COURT** that**:**

(1) The DCJ shall submit the *Martinez* Report within **sixty (60) days** from the date of this order. Plaintiff is granted **thirty (30) days** following the issuance of that order to file a response. The court will then review these materials and determine whether the claim alleging a denial of medication states a claim for relief.

(2) Officials responsible for the operation of the DCJ are directed to undertake a review of the subject matter of the complaint:

    a. To ascertain the facts and circumstances;

    b. To consider whether any action can and should be taken by the institution to resolve the subject matter of the complaint; and

    c. To determine whether other like complaints, whether pending in this court or elsewhere, are related to this complaint and should be considered together.

(3) Upon completion of the review, a written report shall be compiled which shall be filed with the court and served on plaintiff. The DCJ must seek leave of the court if it wishes to file certain exhibits or portions of the report under seal or without service on plaintiff. Statements of all witnesses shall be in affidavit form. Copies of pertinent rules, regulations, official

documents, and, wherever appropriate, the reports of medical or psychiatric examinations shall be included in the written report.  Any recordings related to plaintiff's claims shall also be included.

(4) Authorization is granted to the officials of the DCJ to interview all witnesses having knowledge of the facts, including plaintiff.

(5) No motion addressed to the complaint shall be filed until the *Martinez* Report required herein has been prepared.

(6) Discovery by plaintiff shall not commence until the court has completed the screening of this matter.  This action is exempted from the requirements imposed under Fed. R. Civ. P. 26(a) and 26(f).

**IT IS FURTHER ORDERED** that the clerk of court shall enter the Sheriff of Douglas County as an interested party on the docket for the limited purpose of preparing the *Martinez* Report ordered herein.  Upon the filing of that report, the sheriff may move for termination from this action.

Copies of this order shall be transmitted to plaintiff and to the Sheriff of Douglas County.

**IT IS SO ORDERED.**

**Dated this 7th day of October, 2022, in Topeka, Kansas.**

s/
JOHN W. LUNGSTRUM
U. S. Senior District Judge