IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TOMMY J. MAY,

    **Plaintiff,**

    v.                                                                           CASE NO. 22-3198-JWL-JPO

(FNU) BUNTING, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff, a state prisoner appearing pro se and in forma pauperis, filed this civil rights case under 42 U.S.C. § 1983. Although Plaintiff is currently an inmate at the El Dorado Correctional Facility in El Dorado, Kansas, his claims arose while he was incarcerated at the Douglas County Jail in Lawrence, Kansas ("DCJ"). On October 7, 2022, the Court entered a Memorandum and Order (Doc. 8) finding that Plaintiff's access to the courts claim failed to state a claim and directing officials responsible for the operation of the DCJ to prepare a *Martinez* Report on Plaintiff's claim regarding his medication. This matter is before the Court on Plaintiff's Objection to Magistrate's Denial of Appointment of Counsel (Doc. 11).

On September 27, 2022, the Magistrate Judge entered a Memorandum and Order (Doc. 6) denying Plaintiff's motion to appoint counsel (Doc. 3). The Memorandum and Order provides that there is no constitutional right to the appointment of counsel in a civil matter and the decision whether to appoint counsel in a civil action lies in the discretion of the district court. The Court denied the motion, finding that Plaintiff is able to clearly explain his claims for relief and that the facts do not appear to be unusually complicated. (Doc. 6, at 2.)

On October 10, 2022, Plaintiff filed a motion for reconsideration (Doc. 9), renewing his request for the appointment of counsel and stressing that he would benefit from the assistance of counsel. On October 17, 2022, the Court entered a Memorandum and Order (Doc. 10) denying Plaintiff's motion for reconsideration and finding that the case is still being screened and Plaintiff is able to present his claims clearly and that the issues themselves do not appear to be particularly complicated. (Doc. 10, at 1–2.)

Plaintiff has now filed an objection to the denial of counsel, arguing for a third time that he would benefit from the appointment of counsel. There is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979). The Court concludes in this case that (1) it is not clear at this juncture that Plaintiff has asserted a colorable claim against a named defendant; (2) the issues are not complex; and (3)

Plaintiff appears capable of adequately presenting facts and arguments. The objection is overruled.

The Court's October 7, 2022 Memorandum and Order provides that the DCJ shall submit the *Martinez* Report within 60 days from the date of the order and grants Plaintiff 30 days following the submission of the Report to file a response. (Doc. 8, at 3.) The Memorandum and Order also provides that "[n]o motion addressed to the complaint shall be filed until the *Martinez* Report required herein has been prepared." *Id*. at 4. Plaintiff should refrain from filing any motions or further requests for the appointment of counsel until he has filed a response to the *Martinez* Report and his Complaint has survived screening.

**IT IS THEREFORE ORDERED** that Plaintiff's Objection to Magistrate's Denial of Appointment of Counsel (Doc. 11) is **overruled.**

**IT IS SO ORDERED**.

**Dated December 2, 2022, in Kansas City, Kansas.**

<u>S/ John W. Lungstrum</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**