IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TOMMY J. MAY,

    **Plaintiff,**

    v.                                                  CASE NO. 22-3198-JWL

(FNU) BUNTING, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

    Plaintiff, a state prisoner appearing pro se and in forma pauperis, filed this civil rights case under 42 U.S.C. § 1983. Although Plaintiff is currently an inmate at the El Dorado Correctional Facility in El Dorado, Kansas, his claims arose while he was in custody at the Douglas County Detention Center in Lawrence, Kansas ("DCDC"). On October 7, 2022, the Court entered a Memorandum and Order (Doc. 8) ("M&O") finding that Plaintiff's access to the courts claim failed to state a claim and directing officials responsible for the operation of the DCDC to prepare a *Martinez* Report (the "Report") on Plaintiff's claim regarding his medication. The Report was filed on February 6, 2023, and Plaintiff filed a Response (Doc. 40) to the Report. On April 14, 2023, the Court entered a Memorandum and Order to Show Cause (Doc. 41) ("MOSC"), ordering Plaintiff to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC. This matter is before the Court on Plaintiff's response (Doc. 42).

    The Court found in the MOSC that Plaintiff's allegations do not show a complete lack of medical care, but rather show Plaintiff's disagreement regarding the proper pain medication. Plaintiff alleges that he was prescribed oxycodone prior to his detention, and was on oxycodone when he entered

1

the DCDC on July 3, 2018.  (Doc. 42, at 3.)  He also argues that the assistant at the pain clinic prescribed oxycodone, but Nurse Stroda "blocked the prescription."[1] *Id*. at 8.

The Report sets forth the medical care and pain treatment Plaintiff received, and indicates that oxycodone was not appropriate for Plaintiff's chronic care.  Plaintiff disagrees with this determination.  Plaintiff attaches his medical record from his October 29, 2020 visit with his oncologist, Dr. Jodi Palmer.  Dr. Palmer's notes provide that:

> # Cancer related pain.  I reviewed his plain films.  He had mild compression deformities and evidence of an old vertebroplasty.  I spoke to Melanie Stroda, NP from Douglas County Jail.  She reports that he continues to be active and busy.  He moves around easily and takes minimal pain medications.  I reviewed the notes from palliative medicine.  They recommend oxycodone. I reviewed the notes from pain management and they have recommended an epidural.  I encouraged him to get an epidural.  We discussed that opiates are not a good long-term solution for his chronic pain.  He has agreed to think about the epidural.

(Doc. 42–1.)

As explained in the MOSC, a mere difference of opinion between the inmate and prison medical personnel regarding diagnosis or reasonable treatment does not constitute cruel and unusual punishment.  *See Estelle v. Gamble*, 429 U.S. 97, 106–07 (1976); *see also Coppinger v. Townsend*, 398 F.2d 392, 394 (10th Cir. 1968) (prisoner's right is to medical care—not to type or scope of medical care he desires and difference of opinion between a physician and a patient does not give rise to a constitutional right or sustain a claim under § 1983).

A complaint alleging that plaintiff was not given plaintiff's desired medication, but was instead given other medications, "amounts to merely a disagreement with [the doctor's] medical judgment concerning the most appropriate treatment."  *Gee v. Pacheco*, 627 F.3d 1178, 1192 (10th Cir. 2010) (noting that plaintiff's allegations indicate not a lack of medical treatment, but a disagreement with the doctor's medical judgment in treating a condition with a certain

---

[1] In his previous response, Plaintiff explained that he was prescribed oxycodone on an in-patient basis from the Pain Management Specialist, but her attempt to contact the DCDC to come to an understanding about an ongoing prescription was unsuccessful because Nurse Stroda disapproved the prescription.  (Doc. 40, at 9–10.)

medication rather than others); *Hood v. Prisoner Health Servs., Inc.*, 180 F. App'x 21, 25 (10th Cir. 2006) (unpublished) (where appropriate non-narcotic medication was offered as an alternative to the narcotic medication prescribed prior to plaintiff's incarceration, a constitutional violation was not established even though plaintiff disagreed with the treatment decisions made by prison staff); *Carter v. Troutt*, 175 F. App'x 950 (10th Cir. 2006) (unpublished) (finding no Eighth Amendment violation by prison doctor who refused to prescribe a certain pain medication where he prescribed other medications for the inmate who missed follow-up appointment for treatment and refused to be examined unless he was prescribed the pain medication he wanted); *Arriaga v. Roberts,* 803 F. App'x 222, 223 (10th Cir. Apr. 28, 2020) (prisoner's disagreement with medical judgment refusing to provide specific pain medication was insufficient to establish deliberate indifference).

As the Court stated in the MOSC, other courts have found that the refusal to prescribe oxycodone or the discontinuance of a prior prescription of oxycodone does not constitute deliberate indifference, and have noted the dangers in prescribing narcotics in a correctional setting.[2] In *Malouf v. Turner-Foster*, the doctors decided to taper down and discontinue plaintiff's oxycodone prescription "because such narcotics are typically used for terminal or acute pain, for short term relief, and not for chronic pain." *Malouf v. Turner-Foster*, 2013 WL 209280, at *5–6 (D. N.J. 2013). The court found no Eighth Amendment violation, noting that plaintiff was treated for his chronic back pain, and his claims were based on his disagreement with the treatment course set forth by the doctors "who both determined that continued and

---

[2] "The danger of prescribing narcotics in a correctional setting is reasonably related to a legitimate governmental interest in maintaining security and safety—a determination 'peculiarly within the province and professional expertise of corrections officials, and, in the absence of substantial evidence in the record to indicate that the officials have exaggerated their response to these considerations, courts should ordinarily defer to their expert judgment in such matters.'" *Lewis v. King*, 2022 WL 2102091, at *4, n.3 (W.D. Okla. Mar. 10, 2022), *report and recommendation adopted,* 2022 WL 1538651 (W.D. Okla. May 16, 2022) (quoting *Bell v. Wolfish*, 441 U.S. 520, 540 n.23 (1979)).

prolonged use of Oxycodone to manage his chronic back pain was contraindicated, and therefore, prescribed Plaintiff other pain medications more appropriate for management of chronic pain." *Id*. at *6.

In *Thomas v. Wolf*, the court found that "a medical doctor is not required to prescribe stronger pain medication on demand, and the mere fact that Dr. Wolf declined Thomas's requests for drugs more powerful (and potentially more addictive) than ibuprofen is insufficient to establish a culpable state of mind or callous disregard of an 'excessive risk to inmate health or safety.'" *Thomas v. Wolf*, 832 F. App'x 90, 93 (2nd Cir. 2020) (citation omitted).  Likewise, in *Lockett v. Bonson*, the court found that the Nurse Practitioner's decision to prescribe Tylenol #3 instead of oxycodone, which had been prescribed by the non-prison doctor, did not support an Eighth Amendment violation.  *Lockett v. Bonson*, 937 F.3d 1016, 1024–25 (7th Cir. 2019) (noting that the nurse practitioner considered plaintiff's "medical history including his own history of substance abuse, the risks associated with opioid use and substance abuse in prison, and the high amount of oxycodone prescribed"); *see also Kelly v. Ippel*, 2022 WL 500507, at *2 (7th Cir. 2022) ("Although Kelly is dissatisfied with this treatment because it diverged from what his prior doctors did and his medications did not provide complete relief, neither fact is evidence of a constitutional violation. With his chronic conditions, even optimal medical care might not alleviate all pain, and Dr. Ippel and Dawson weighed the risks and benefits of particular pain medications.")

Plaintiff has failed to show that any defendant was deliberately indifferent regarding his pain medication.  Plaintiff's claim suggests, at most, negligence, which is insufficient to state an Eighth Amendment claim under § 1983.

5

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated June 14, 2023, in Kansas City, Kansas.**

<u>S/  John W. Lungstrum</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**